**GRASSE v. SNYDER, Secretary of the Treasury.**

No. 10810.

United States Court of Appeals District of Columbia Circuit.

Argued May 22, 1951.

Decided Sept. 27, 1951.

36

Frank W. Gaines, Jr., Washington, D. C., with whom C. Booker Powell and Coates Lear, Washington, D. C., were on the brief, for appellant.

Joseph Kovner, Attorney, Department of Justice, Washington, D. C., with whom George Morris Fay, U. S. Atty. and Marvin C. Taylor and Joseph B. McGrath, Attorneys, Department of Justice, all of Washington, D. C., were on the brief, for appellee.

Joseph M. Howard, Asst. U. S. Atty. and Edward H. Hickey, Attorney, Department of Justice, Washington, D. C., also entered appearances for appellee.

Before CLARK and PROCTOR, Circuit Judges, and LEDERLE, District Judge, sitting by designation.

LEDERLE, District Judge.

We are here reviewing the dismissal of a complaint filed by a Special Investigator, Alcohol Tax Unit, Bureau of Internal Revenue, assailing the legality of his discharge from Government service on October 7, 1944, on charges of intoxication, excessive use of intoxicants, disorderly conduct, conduct unbecoming a Federal officer and unsatisfactory service. The complaint was filed in the District Court sixteen months after plaintiff-appellant was notified that his discharge had been sustained by the Board of Appeals and Review, United States Civil Service Commission. The complaint names the Secretary of the Treasury as sole defendant and prays for a mandatory injunction requiring the Secretary to restore plaintiff to his former position or one of equal or higher grade and salary, with reimbursement for all salary that he might have earned in such position between the time of discharge and that of reinstatement.

Although plaintiff attacks practically every phase of the removal procedure and the numerous personalities connected therewith, his main reliance pivots around his claim that he is a veteran preference eligible and that in the discharge proceedings formally initiated June 28, 1944, culminating in his severance on October 7, 1944, he was not granted the full 30-day notice provided for in the Veterans' Preference Act of 1944,[1] signed by the President on June 27, 1944, the day preceding the lodging of formal charges against him. He also emphasizes the fact that during his original discharge proceedings, it was not disclosed that he was a veteran preference eligible within the meaning of such Act, as holder of the Yangtze Medal for service with the Marine Corps in 1927. He advised the Civil Service Commission of such military service two years after his severance, when he asked for and received leave to take a delayed appeal.

Detailed charges and specifications were served upon appellant over three months prior to his discharge, by letter dated June 28, 1944. In conformity with Civil Service Regulations effective up to the day preceding this letter, plaintiff was given ten days to reply to the charges. He requested a twenty-eight day period, to July 26, 1944, for replying, which extension was granted him. By letter dated July 26, 1944, he replied to such charges. He did not ask for more time to answer. His reply was considered unsatisfactory, and he was notified of his removal from service by letter of

1. 5 U.S.C.A. § 863.

September 26, 1944, effective October 7, 1944, at the expiration of his annual leave. His active duty status ended and his annual leave began on September 27, 1944.

During December of 1944, plaintiff applied to the Commission for a position in another branch of the service. In response to a question as to prior Civil Service history, plaintiff wrote, "Do not desire reinstatement with Alcohol Tax Unit."

Two years later, by letter of June 20, 1946, plaintiff notified the Civil Service Commission that he was entitled to veteran's preference and that he desired to file an appeal from his discharge. Although Commission Regulations provided for the filing of an appeal generally within thirty days after adverse agency action, the Commission permitted plaintiff to file a delayed appeal.

On August 28, 1946, The Seventh Regional Office of the Civil Service Commission held a hearing upon his appeal. On September 17, 1946, the Director of this Regional Office issued his report containing extensive findings of fact, conclusions of law and recommendation that the agency action as to discharge be approved. On October 4, 1946, plaintiff filed an appeal with the Board of Appeals and Review of the Civil Service Commission. On December 16, 1946, plaintiff was notified by the Chairman of the Board of Appeals that his dismissal was justified.

On April 2, 1948, sixteen months later, plaintiff filed this complaint in the District Court. Both parties filed motions for summary judgment. Plaintiff appeals from the order of the District Judge granting defendant's motion for summary judgment of dismissal and denying plaintiff's motion for summary judgment in his favor.

■ In his answer filed prior to moving for summary judgment, the defendant pleaded numerous defenses to the maintenance of plaintiff's case, including the claim that the relief sought is barred by plaintiff's laches in bringing suit. Having reached the conclusion that this point was well taken, it will serve no useful purpose to discuss the other facets of this appeal.

We are not impressed with plaintiff's contention that by writing vitriolic letters about his discharge to various influential people after his appeal was finally decided, he was acting diligently in a sincere effort to regain the position.

■ The following excerpt from U. S. ex rel. Arant v. Lane, 1919, 249 U.S. 367, 372, 39 S.Ct. 293, 294, 63 L.Ed. 650, involving a twenty-month delay, is particularly applicable to the situation presented here, viz:

"When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified, the government service may be disturbed as little as possible, and that two salaries shall not be paid for a single service.

"Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached, and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy."

See also: U. S. ex rel. Cromwell v. Doyle, 1938, 69 App.D.C. 215, 99 F.2d 448, certiorari denied 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1041 (2½ years); Caswell v. Morgenthau, 1938, 69 App.D.C. 15, 17, 98 F.2d 296, certiorari denied 305 U.S. 596, 59 S. Ct. 81, 83 L.Ed. 378 (18 months).

The Government correctly argues that the appeal decision by the Commission was final, that the position in question was one which obviously required and received a replacement, that, if the requested mandatory injunction issues, it will return plaintiff to the position which, at least in 1944, he

said he didn't want, some present employee must be dismissed to make room for plaintiff, and the Government must pay the large sum of accumulated salary demanded by plaintiff in double disbursements for one position.

It behooves a discharged employee to act diligently, which plaintiff has failed to do.

Plaintiff's lack of diligence under these circumstances, where detriments were accumulating against the Government, constitutes laches which bars his claim even though we could decide otherwise that there is merit in his case.

The judgment appealed from is affirmed.