Jones, Chief Judge,
delivered the opinion of the court:
This is a case arising under the Veterans Preference Act of 1944, as amended, 58 Stat. 887, 61 Stat. 728, for the alleged illegal discharge of an employee of the Veterans Administration.
Plaintiff served in the United States Army for a period during and after the first World War. He was separated from the Army under honorable conditions, and had a service connected disability. During the times in which occurred the events in question, plaintiff was a permanent classified civil service employee, and was entitled to benefits under the Veterans Preference Act of 1944, supra.
In June 1947, plaintiff was in the employ of the Veterans Administration in Atlanta, Georgia, as a claims adjudicator, grade P-3, at an annual salary of $4,149.60. By letter dated June 12, 1947, from the Acting Chief of Branch Personnel, plaintiff received a notice of proposed separation from his employment, due to an official efficiency rating of “unsatisfactory”. This notice set forth in some detail the reasons for the proposed separation, and stated that in the event he wished to reply to those reasons, plaintiff should submit not later than the close of business on June 20,1947, a written reply and/or request for a hearing. It further stated that in the event of no reply or request for a hearing, or in the event evidence presented in the reply or hearing proved *417 insufficient, tlie proposed action would become effective and plaintiff would be separated as of the close of business on July 16, 1947, or as soon as approval on procedural compliance in the processing of the efficiency rating was received from the Civil Service Commission, if such approval was not received by that date. The notice also stated “this letter will serve as an advance notice of at least thirty days of the proposed adverse action as prescribed by Section 14 of the Veterans Preference Act of 1944”.
It appears that upon receipt of this notice plaintiff submitted a reply dated June 19,1947, and there was an informal hearing.on June 24,1947.
By letter dated June 26, 1947, plaintiff was notified that inasmuch as no additional facts or evidence were presented in his reply, arid as insufficient facts and evidence were presented at the hearing, it had been decided to separate him from employment effective as of the close of business on July 16, 1947. This letter, which constituted the notice of adverse decision restated the reasons set forth in the earlier notice of June 12, and also advised plaintiff of his right to appeal to the Veterans Administration, and to the Fifth U. S. Civil Service Region, Atlanta, Georgia, within 30 days of receipt of the notice of adverse decision.
Plaintiff’s employment as a claims adjudicator was terminated as of the close of business on July 16, 1947, and he accepted appointment effective July 17, 1947, as a Mail and File Clerk, grade CAF-3, with the Veterans Administration, at $2,394 per annum, it being understood plaintiff was not waiving his rights to appeal with respect to his previous position.
Plaintiff on one or more occasions unsuccessfully sought relief from the Efficiency Rating Board of Review of the Veterans Administration. There are conflicting statements as to whether plaintiff ever appealed to the Civil Service Commission. Plaintiff asserts he appealed to the Board of Appeals and Review of the Civil Service Commission on August 11, 1947, which rendered an adverse decision about three months later. Plaintiff also states he appealed to the *418 Chairman of that Board on January 16,1950, at which time he was denied the- opportunity to appear personally.[1] Defendant denies that plaintiff made those appeals to the Civil Service Commission, and further states that plaintiff never filed an appeal with the Commission under Section 14 of the Veterans Preference Act of 1944, supra. Plaintiff also apparently wrote to the Commission in July 1950, and it is uncontroverted that the Chairman of the Board of Appeals and Beview, in his reply dated August 25, 1950, declined to give further consideration to plaintiff’s case.
Plaintiff’s claim — for reinstatement and loss of pay — is based on alleged violations by the defendant of the procedure outlined in Section 14 of the Veterans Preference Act to be followed in the discharge of a veteran entitled to the benefits of that Act. The case is presently before this court on motions by both the plaintiff and the defendant for summary judgment.
Section 14 reads in part:
No * * * preference eligible * * * shall be discharged, * * * [or] reduced in rank or compensation * * * except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge * * * is sought shall have at least thirty days’ advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed action; * * *
*419 It would appear to be the plaintiff’s contention here that Section 14 requires 30 days’ advance notice of proposed action, and therefore the action must retain the quality of proposed action for 30 days, i. e., that at the expiration of the thirtieth day it must still be proposed action, to be distinguished from action already decided upon. This is an erroneous construction of Section 14 and attaches greater effect to the use of the single word “proposed” than we believe is proper.
It is not meant to deny effect to that word. See, for example, Stringer v. United States, 117 C. Cls. 30, and Lamb v. United States, 116 C. Cls. 325. Nor do we intend to give it effect beyond the natural meaning of Section 14 as a whole. It is clear that the “30 days advance notice of proposed action” guaranteed in Section 14 is notice that certain action is proposed, with the notice itself to be given at least 30 days in advance of the action.
After the original notice has been given, Section 14 further requires that'
* * * such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision: Provided, That such preference eligible shall have the right to make a personal appearance, or an appearance, through a designated representative, in accordance with such reasonable rules and regulations as may . be issued by the Civil Service Commission; * * *
Thus, with respect to the timing of the adverse decision, Section 14 requires only that a reasonable time must elapse after written notice of the proposed action for plaintiff to' answer that notice. Section 14 does not say that the employee shall have 30 days to answer nor that after receipt of the answer the administrative officer may not act thereon within the 30-day period. The. Civil Service regulations; specify that “the reasonable time required shall depend on all the facts and circumstances of each case, and be sufficient *420 in all cases to afford the employee ample opportunity to prepare answers and secure affidavits”. 5 CFR, 1947 Supp., 22.2 (b). Conceivably the reasonable time for answer might, embrace all or substantially more or less than the 30-day period. But Section 14 does not require that the reasonable time begin only after the expiration of the 30-day period of advance notice. On the contrary it is to begin at the commencement of the . 30-day period of advance notice of proposed action. Indeed it would require a strained con-' struction of Section 14 to reach any other conclusion.
Assuming the employee’s answer is received within the reasonable time allowed, the appropriate administrative officer must give due consideration to both the proposal and the employee’s answer, and then, and then only, can he make his decision. Stringer v. United States, supra; Elchibegoff v. United States, 106 C. Cls. 541. An employee’s discharge cannot be effective during the 30-day period, but it is most important to note that nowhere in Section 14 does there appear a requirement that, after receipt of the answer within a reasonable time, and due consideration thereof, still within the 30-day period, the decision of the administrative officer cannot be rendered during that period. The only natural construction of Section 14 is that a decision properly follows receipt and consideration of the answer, together with the proposal, irrespective of whether such decision occurs within or without the 30-day period.
Once an adverse decision is properly reached, notice thereof must issue to the employee. The mere fact that a notice of adverse decision is received prior to the expiration of the 30-day period should not invalidate the decision or the notice.[2]
Section 14 does require, as noted above, that even where the necessary steps have been taken prior to the expiration of the original 30-day period, in no event can the discharge *421 or other action be effective prior to that date. We see no reason, however, why the discharge or other action in such a case may not be effective and operative immediately upon the expiration of the 30-day period, providing all necessary steps have been completed prior to that time.
It is concluded therefore that plaintiff was not improperly discharged, nor was he in any way deprived of rights guaranteed by Section 14. The notice of June 12,1947, was a notice of proposed action; its tenor one of proposal and not of decision. It allowed plaintiff until June 20 to answer. Plaintiff does not assert this was not a reasonable period and it appears from his Exhibit B that he did in fact make written reply dated June 19, 1947, in answer to the proposal, and that there was an informal hearing on the matter on June 24, 1947. Thereafter, decision adverse to plaintiff was reached and notice sent to him by letter dated June 26, 1947, which stated that his separation would become effective at the close of business on July 16, 1947, the date proposed in the notice of June 12. Plaintiff thus had notice of the proposed action over 30 days in advance of the action itself, a reasonable time to answer, and notice of adverse decision after consideration of the proposal and answer.
Therefore plaintiff’s motion for summary judgment must be denied, defendant’s motion for summary judgment granted, and the petition dismissed.
It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.

 Plaintiff makes this assertion both in his complaint and subsequently in his request upon defendant for admission of certain facts, but he makes no reference thereto in his statement of the grounds of his action in his motion for summary judgment, where he rests his case on alleged inadequacies of the notices required by Section 14 of the Veterans Preference Act of 1944, supra. We do not believe that the issue of fact as to whether on January 16, 1950, plaintiff requested and was denied a personal appearance is material here. Even assuming the request was made and denied as alleged, it does not appear that Section 14 would have been violated thereby. Section 14 requires that the appeal be made within a reasonable time after receipt of the notice of adverse decision, and under such reasonable rules and regulations as the Commission may issue. No request for personal appearance appears to have accompanied the alleged appeal of August 11, 1947, as required by the Commission regulations (5 CFR, 1947 Supp., 22.4-5), and the request alleged to hive been made on January 16, 1950, was two and one-half years after the action from which plaintiff is appealing. Not only was there no compliance with the rules and regulations issued by the Commission pursuant to Section 14, but in addition nothing appears to negate the otherwise necessary conclusion that the request was not made within the reasonable time required by Section 14 itself.

 Plaintiff relies upon certain language appearing in Stringer, supra, at p. 50. It was not our purpose to state absolutely that no notice of adverse decision received prior to the expiration of the period of advance notice could ever fill the requirements of Section 14. On the contrary, in Stringer, the particular notice there in question (a form Notification of Personnel Action) was inadequate because “it did not represent a decision made after consideration of the department’s proposal and the employee’s answer.”