**Ivan M. ELCHIBEGOFF, Plaintiff,**

v.

**John Foster DULLES, Secretary of the Department of State, and Philip Young, George M. Moore, Fred Lawton, Commissioners of the United States Civil Service Commission, Defendants.**

Civ. No. 911.

United States District Court
District of Columbia.

Sept. 9, 1954.

Ivan M. Elchibegoff, Mt. Rainier, Md., pro se.

Leo A. Rover, U. S. Atty., Oliver Gasch, Frank H. Strickler, George E. Hamilton III, Asst. U. S. Attys., Washington, D. C., for defendants.

LAWS, Chief Judge.

Following a thirty day notice, on June 25, 1947, plaintiff was discharged from Civil Service employment with the United States Department of State upon charges of failure to comprehend instructions, failure to carry out orders, inability to draft satisfactorily, and inability to work with others. Having appealed unsuccessfully to the Chief Law Officer of the Civil Service Commission, who affirmed the action on October 27, 1947,

and the Board of Appeals and Review, which affirmed on February 18, 1948, plaintiff brought suit to recover salary in the United States Court of Claims, which found, on December 2, 1952, no substantial evidence the discharge was arbitrary, capricious or taken in bad faith. Elchibegoff v. United States, 1952, 123 Ct.Cl. 709, certiorari denied 345 U.S. 943, 73 S.Ct. 836, 97 L.Ed. 1369. Having then sought to reopen his case before the Civil Service Commission in light of alleged new evidence and being refused on March 3, 1954, plaintiff now, more than six years after discharge, brings suit for reinstatement and restoration of accrued benefits.

Public policy requires that a discharged employee act promptly and diligently " * * * to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service." United States ex rel. Arant v. Lane, 1919, 249 U.S. 367, 372, 39 S.Ct. 293, 294, 63 L.Ed. 650, 652; Grasse v. Snyder, 1951, 89 U.S.App.D.C. 352, 192 F.2d 35. Plaintiff argues his administrative remedies were exhausted not in February, 1948, when the Board of Appeals and Review upheld the dismissal, but in March of 1954 when the Commission refused to reopen the case since not until then did the full Board of the Commission have opportunity to act upon his appeal. The Board of Appeals and Review, however, is the body to which appeals addressed to the Commissioners are referred. 5 Code Fed.Regs., § 22.11(a), (b) (1949). Further appeals are a matter of discretion, not of right, and may not be entertained unless new and material evidence is submitted, no limitation of time being stated. 5 Code Fed.Regs., § 22.11(d), (e) (1949). As is indicated in Grasse v. Snyder, supra, his administrative remedies were exhausted and the doors of this Court open to plaintiff in February, 1948, when his appeal was denied by the Board of Appeals and Review. Having chosen to pursue his remedies in the Court of Claims and thereafter having sought to reopen his case before the Commission years after an adverse decision, he cannot now be heard to complain of alleged arbitrary or capricious action by officials in discharging him in 1947. To permit a litigant to challenge that action now could only operate to cause interminable litigation and prohibit final decision in a matter which should be acted upon with dispatch.

The Court concludes plaintiff's suit is barred by the doctrine of laches, making it unnecessary to consider the merits of the case.