Vernon G. **HAAS**, Appellant,

v.

Dr. Winfred **OVERHOLSER**, Superintendent, St. Elizabeths Hospital, Appellee.

No. 12195.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 21, 1955.

Decided April 7, 1955.

Mr. Wesley E. McDonald, Washington, D. C., with whom Mr. B. Austin Newton, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Joseph M. F. Ryan, Jr., Asst. U. S. Atty., with whom Mr. Leo A. Rover, U. S. Atty., and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

Haas was employed as an attendant at St. Elizabeths Hospital. December 8, 1949, he was notified in writing that he had been reported for mistreating a patient and that if the charges were found to be correct he might be separated from the Hospital. He was directed to submit a written explanation within five days and to appear before the Board of Review at a named hour and day. December 20, 1949, he was advised in writing that his explanation was not satisfactory.[1] He was also advised he had a right to appeal his removal under Agency grievance procedure within ten days of

---

1. This letter stated the evidence did not implicate him in the actual abuse of the patient but did implicate him for not stopping the abuse and for not reporting it.

the notification, and also a right to appeal to the Fourth U. S. Civil Service Regional Office within thirty days.[2] Thus Haas was advised of two routes of appeal. He proceeded by the grievance procedure, but, without waiting for the decision of the Grievance Hearing Committee, he wrote the Director of the Fourth Civil Service Region on April 8, 1950.[3] This letter, described by Haas as a formal appeal, was thus more than 100 days after the notification of December 20, 1949. On April 17, 1950, Haas was advised that the Grievance Hearing Committee had sustained the decision to remove him. April 26, 1950, the Director of the Fourth Civil Service Region wrote him his appeal of April 8, 1950, to that office was too late but he could request the Board of Appeals and Review of the Central Office of the Commission to review the action.

Haas says in his complaint "That after receiving said communication [the letter of April 26, 1950] plaintiff proceeded to exhaust every administrative remedy available." He also says, in his objections to the motion to dismiss, that he had a hearing before the Board of Appeals of the Civil Service Commission, which affirmed the Fourth Regional Office, and that thereafter the Chairman of the Commission by letter affirmed the prior action. Nowhere in the papers before us does it appear that Haas appealed to the Federal Security Administrator in accordance with the Agency grievance procedure.[4]

On May 27, 1952, slightly more than two years after the last letters above described, Haas filed his complaint in the District Court seeking an order which would set aside the agencies' actions and restore his employment. The Government moved to dismiss, and the court granted the motion.

Haas attacked the hearing given him by the Grievance Hearing Committee in a number of respects. The Government replied that such hearings are specifically committed by statute to the discretion of the officer directing the removal of the employee,[5] and that the Administrative Procedure Act, upon which Haas relied, excepts from its provisions for judicial review agency action committed by law to agency discretion.[6] Upon that ground the Government asserted, and now asserts, that the trial court lacked jurisdiction. However that may be, Haas clearly failed to exhaust the administrative remedies available to him in the course of action he first chose to pursue, and he failed to comply with the requirements as to time in the procedure to which he later tried to switch. Moreover he was clearly guilty of *laches*.[7]

The order of the District Court is

Affirmed.

---

**2.** The thirty days was an error, the Government says, as the regulations provide only ten days. 5 Code Fed.Regs. § 22.2 (1949 ed.).

**3.** The complaint says Haas filed his "formal appeal" with the Fourth Civil Service Regional Office "within a ten-day period from receipt of the aforementioned letter of April 17, 1950". But the response of the Director, attached as an exhibit to the complaint, shows that the appeal was dated April 8, 1950, which was before instead of after the Grievance Committee decision.

**4.** Chap. E2—Employee Relations Personnel Guide—Grievance Procedure.

**5.** 62 Stat. 354 (1948), as amended, 5 U.S. C.A. § 652.

**6.** 60 Stat. 243 (1946), 5 U.S.C.A. § 1009.

**7.** See Caswell v. Morgenthau, D.C.Cir. 1938, 69 App.D.C. 15, 98 F.2d 296, certiorari denied, 1938, 305 U.S. 596, 59 S. Ct. 81, 83 L.Ed. 378; Wunderle v. Kimball, D.C.Cir.1952, 91 U.S.App.D.C. 394, 201 F.2d 707.