**Glenn F. DROWN, Appellant,**

v.

**H. V. HIGLEY, Administrator of Veterans' Affairs, et al., Appellees.**

**No. 13513.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 15, 1957.

Decided May 16, 1957.

---

1. 52 Stat. 1011 (1938), 49 U.S.C.A. § 559.
2. 52 Stat. 1015 (1938), 49 U.S.C.A. § 621.

3. 52 Stat. 1007 (1938), 49 U.S.C.A. § 551

Mr. Donald M. Murtha, Washington, D. C., with whom Mr. Herbert S. Thatcher, Washington, D. C., was on the brief, for appellant.

Mr. Howard E. Shapiro, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellees.

Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

## PER CURIAM.

As a result of a reduction in force in an office of the Veterans Administration appellant, rather than a competing employee, lost his position.[1] There is serious doubt that in their application to the facts of this case the regulations under which this occurred gave due effect to appellant's length of service as required by statute.[2] We do not resolve this doubt because appellant failed to pursue his judicial remedy with the diligence incumbent upon one seeking restoration to a Government position. Twenty-seven months elapsed from the final administrative action on June 18, 1953 to the time of the initiation of the instant litigation. An earlier suit appellant had filed in Minnesota had been dismissed on jurisdictional grounds May 14, 1954; but almost sixteen additional months passed before the present litigation was initiated in this jurisdiction September 2, 1955. Appellant sought to meet the defense of laches only by explaining that the delay was due to his efforts to obtain an attorney in the District of Columbia. Considering the time consumed in the fruitless earlier suit, we think the diligence required of appellant, himself a lawyer, would have avoided a substantial part of this additional delay. Because of appellant's laches alone, the judgment for appellees will be affirmed. See Arant v. Lane, 249 U.S. 367, 372, 39 S.Ct. 293, 63 L.Ed. 650; Caswell v. Morgenthau, 69 App. D.C. 15, 98 F.2d 296; Grasse v. Snyder, 89 U.S.App.D.C. 352, 192 F.2d 35; Haas v. Overholser, 96 U.S.App.D.C. 22, 223 F.2d 314. Cf. Gurley v. Wilson, 99 U.S. App.D.C. 336, 239 F.2d 957.

Affirmed.

1. He was, however, given a position of lower grade.
2. Section 12 of the Veterans' Preference Act, 58 Stat. 390 (1944), as amended, 5 U.S.C.A. § 861. Though appellant's total length of service exceeded that of the retained employee by more than three months the regulations created a tie with respect to length of service and then broke it in favor of the other employee because he had entered the employment of the particular agency two days before appellant.