**George E. EVANS, Appellant,**

v.

**Boyd LEEDOM, et al., individually and as members of the National Labor Relations Board, Appellees.**

**No. 14655.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 27, 1959.

Decided Feb. 26, 1959.

Petition for Rehearing Denied
April 7, 1959.

---

**126**

Mr. John Silard, Washington, D. C., with whom Mr. Joseph L. Rauh, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Cecil R. Heflin, Atty., Dept. of Justice, for appellees.

Before PRETTYMAN, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This suit, like Jones v. Summerfield, 1959, 105 U.S.App.D.C. ——, 265 F.2d 124, is based on the decision in Cole v. Young, 351 U.S. 536, 76 S.Ct. 861, 100 L.Ed. 1396 (1956). Appellant Evans (a veteran) was removed from his post at the National Labor Relations Board on April 6, 1954. After his discharge Evans endeavored to obtain an attorney to take an appeal to the Board for reconsideration of his dismissal. He was unsuccessful in obtaining counsel, and after August of 1955 made no further effort in that direction. The Supreme Court's decision in Cole was rendered on June 11, 1956. Evans, in the following month, wrote to the Labor Board requesting reinstatement on the basis of Cole. The Board refused, in August, on the ground of laches. Evans, through attorneys, filed a petition for reconsideration on October 31, 1956. The Board denied this on February 1, 1957. On June 12, 1957, Evans filed suit for reinstatement in the United States District Court for the District of Columbia. Summary judgment was granted to appellees on June 26, 1958. This appeal followed.

On these facts, we must conclude that Evans is barred by laches. Jones v. Summerfield, supra. He urges that he is protected by this court's decision in Duncan v. Summerfield, 102 U.S.App. D.C. 185, 251 F.2d 896 (1957). But the situation here is quite different from that in Duncan. Here, Evans said on deposition that after his discharge he sought a lawyer "to get the Board to reconsider or to start legal action." His complaint says that after the Supreme Court granted certiorari in Cole he "temporarily discontinued his attempts to obtain Washington counsel pending the outcome of the litigation in the case of Cole v. Young. Plaintiff was hopeful that the decision in the Cole case would make it unnecessary for him to undertake the expense and effort of litigating the identical issue pending in the Supreme Court." These allegations, taken in the context of other portions of the

record, appear conclusory, if not frivolous.

Ellison Smith, the attorney first consulted by Evans, gives no indication in his deposition that he was contacted to start legal action:

> "Mr. Evans informed the affiant that he would like to have his case reviewed by the members of the National Labor Relations Board, hoping to have his case reconsidered and a reversal of the decision of the Loyalty Board discharging him."

Furthermore, all the letters between Evans and Smith up until August 31, 1955, only speak of contact with the Board and having the Board reverse itself.

But even if we were to believe that Evans originally contemplated suit, this intention appears to have been soon forgotten, and was not acted upon until his present suit was filed on June 12, 1957. Evans as much as admits this in his deposition: "I think it was in June (of 1955) that Wells finally advised Smith that * * * in the present climate, it would be useless to attempt to take legal steps at that time." When Evans then learned that none of the lawyers approached in Washington would take the case, he made no further efforts to get a lawyer. He commented that by August 1955 it was Smith's opinion that "it would be futile to pursue it any further in view of the fact that two lawyers had already turned it down * * *." He then admitted that after that he made no further efforts, but relied on Smith's advice.

There is thus not a single indication that Evans followed up in any way his "contemplation" of starting legal action, until the bringing of the present suit. Nor is there any indication that any lawyer advised Evans to wait because of the pendency of Cole v. Young. This is in clear contradistinction to Duncan: there, Duncan's lawyer advised him as early as the late spring or summer of 1954 to await the result in Cole. Certainly Evans' learning about the Cole v.

Young case in November 1955 does not aid him, for even after he learned of Cole he made "no further efforts to get a lawyer" until August 1956. Moreover, although efforts were made to seek reinstatement by the Board after the Cole case was decided, Evans did not bring a suit for relief until June 1957, some 12 months after the decision in Cole.

The judgment of the District Court will therefore be

Affirmed.