Ezra Taft BENSON, Secretary of Agriculture, et al., Appellants

v.

Kenyon B. ZAHNER, Appellee.
No. 15633.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 13, 1960.

Decided Nov. 17, 1960.

Petition for Rehearing En Banc Denied
Dec. 23, 1960.

Mr. John G. Laughlin, Jr., Atty., Dept. of Justice, for appellants. Asst. Atty. Gen. George C. Doub and Messrs. Oliver Gasch, U. S. Atty., Alan S. Rosenthal and Marvin S. Shapiro, Attys., Dept. of Justice, were on the brief, for appellants.

Mr. Donald M. Murtha, Washington, D. C., with whom Mr. Herbert S. Thatcher, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, PRETTYMAN and BAZELON, Circuit Judges.

PER CURIAM.

As a result of a reduction in force in an office in the Farmers Home Administration, appellee's appointment was terminated. His claim that he was entitled

to re-assignment as a veterans preference eligible [1] was denied by the Civil Service Commission. He pursued his administrative remedies and exhausted them on August 4, 1954. Approximately one year later on August 8, 1955, appellee filed suit in the District Court seeking reinstatement. This action was dismissed without prejudice on May 16, 1958, because appellee failed to substitute newly appointed members of the Civil Service Commission as parties defendant within the six-month period required under Rule 25(d), Fed.R.Civ.P. 28 U.S.C.A. Appellee filed the instant action on May 29, 1958, stating the same claim as in the earlier suit. Appellants raise the defense of laches in their answer, as well as denying that appellee had been improperly denied reinstatement. On November 10, 1959, the District Court entered judgment for appellee and ordered his reinstatement.

The judgment of the District Court must be reversed because appellee is guilty of laches. One year elapsed between the final administrative action and the institution of the first suit. An additional period of almost three years passed before that suit was dismissed. Then almost another year elapsed between the institution and trial of the present suit. Absent any evidence to the contrary, appellee's failure to obtain a substitution of parties in the first suit must be attributed to his lack of diligence.[2] This inaction brought about the additional pre-trial delay necessitated by the second suit. We think that, when this delay is added to the appellee's initial delay of one year before bringing any suit after final agency action, the cumulative effect must be viewed as prejudicial to the Government. As the Supreme Court stated in United States ex rel. Arant v. Lane, 249 U. S. 367, 372, 39 S.Ct. 293, 63 L.Ed. 650 (1919): [3]

"Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained, the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy."

Reversed.

---

1. Veterans' Preference Act, § 12, 58 Stat. 390 (1944), as amended, 5 U.S.C.A. § 861.

2. We are not dealing here with a case where delay is caused by a reasonable mistake as to an unsettled matter of law. In such cases the delay is not attributable to lack of diligence. See Ritter v. Strauss, 104 U.S.App.D.C. 301, 261 F. 2d 767 (1958). An example of this type of case would be one in which the plaintiff, due to an uncertainty in the law, brought suit against the wrong governmental officer. Cf. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 (1947).

3. Accord: Drown v. Higley, 100 U.S. App.D.C. 326, 244 F.2d 774 (1957); Grasse v. Snyder, 89 U.S.App.D.C. 352, 192 F.2d 35 (1951); Caswell v. Morgenthau, 69 App.D.C. 15, 98 F.2d 296, certiorari denied 305 U.S. 596, 59 S.Ct. 81, 83 L.Ed. 378 (1938).