**Leland A. CHAPPELLE, Appellant,**

v.

**Dudley C. SHARP, Secretary of the Department of the Air Force, et al., Appellees.**

**No. 16310.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 20, 1961.

Decided Nov. 22, 1961.

Petition for Rehearing Denied Jan. 15, 1962.

Certiorari Denied May 28, 1962. See 82 S.Ct. 1250.

---

10. 5 Trade Reg.Rep. (1961 Trade Cas.) ¶ 69,947 (S.D.Fla.).

11. See Skidmore v. Swift & Co., 323 U.S. 134, 139–140, 65 S.Ct. 161, 89 L.Ed. 124 (1944).

Mr. Sommers T. Brown, Washington, D. C., with whom Mr. Paul M. Rhodes, Washington, D. C., was on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., for appellees. Mr. David C. Acheson, U. S. Atty., Mr. Charles T. Duncan, Principal Asst. U. S. Atty., and Miss Doris H. Spangenburg, Asst. U. S. Atty., were on the brief, for appellees.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

This is a civil action in which the plaintiff sought reinstatement in a Civil Service position in Federal Government employ, expungement from the employment records of all references to his removal, and back pay for the period of his unemployment. His appeal to the Civil Service Commission was adversely decided on August 1, 1957. He filed his complaint June 17, 1960. This was thirty-four and one-half months after the final administrative action on his removal. The defendant officials moved to dismiss, filing in support an affidavit reciting facts which upon their face posed the problem of laches. Plaintiff filed an opposition, in which he referred to the defendants' "attempting to raise the issue of laches". The trial court entered summary judgment.

The plaintiff's case was barred by laches. The law on the point was established by United States ex rel. Arant v. Lane [1] in 1919 and has consistently been applied by the federal courts in many cases since then.[2] The judgment of the District Court is

Affirmed.

1. 249 U.S. 367, 372, 39 S.Ct. 293, 63 L. Ed. 650.

2. E. g., Norris v. United States, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136 (1921); Nicholas v. United States, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133 (1921); Jones v. Summerfield, 105 U.S.App.D.C. 140, 265 F.2d 124 (D.C.Cir.), cert. denied, 361 U.S. 841, 80 S.Ct. 93, 4 L.Ed.2d 80 (1959); Drown v. Higley, 100 U.S.App. D.C. 326, 244 F.2d 774 (D.C.Cir.1957); O'Connor v. Summerfield, 99 U.S.App. D.C. 249, 239 F.2d 69 (D.C.Cir.1956);

Haas v. Overholser, 96 U.S.App.D.C. 22, 223 F.2d 314 (D.C.Cir.1955); Sawyer v. Stevens, 95 U.S.App.D.C. 267, 221 F.2d 822 (D.C.Cir.1954), cert. denied, 348 U.S. 959, 75 S.Ct. 450, 99 L.Ed. 748 (1955); Davis v. Summerfield, 95 U.S.App.D.C. 78, 219 F.2d 510 (D.C.Cir.), cert. denied, 349 U.S. 965, 75 S.Ct. 898, 99 L.Ed. 1286 (1955); Grasse v. Snyder, 89 U.S.App. D.C. 352, 192 F.2d 35 (D.C.Cir.1951); Caswell v. Morgenthau, 69 App.D.C. 15, 98 F.2d 296 (D.C.Cir.), cert. denied, 305 U.S. 596, 59 S.Ct. 81, 83 L.Ed. 378 (1938).