Charles F. CHIRIACO, Plaintiff,

v.

UNITED STATES of America, J. W. Macy, Chairman, F. J. Lawton, R. E. Hampton, Commissioners, United States Civil Service Commission, L. B. Johnson, Chairman, The President's Committee on Equal Employment Opportunity (formerly "The President's Committee on Government Employment Policy"), and Tennessee Valley Authority, Defendants.

Civ. A. No. 1210.

United States District Court
N. D. Alabama,
Northwestern Division.

Sept. 6, 1963.

No appearance for plaintiff.

Charles J. McCarthy, Gen. Counsel, Thomas A. Pedersen, Asst. Gen. Counsel, and R. Lynn Seeber, Atty., T.V.A., Knoxville, Tenn., and Macon L. Weaver, U. S. Atty., Birmingham, Ala., for defendants.

GROOMS, District Judge.

This cause came on to be tried before the Court without a jury on April 18 and 19, 1963, and was submitted for final judgment of the Court upon the pleadings, proof, and briefs of the parties, from all of which the Court makes the following determinations:

## FINDINGS OF FACT

1. In 1959 plaintiff was employed by the defendant Tennessee Valley Authority (hereinafter called "TVA") as a clerk-typist at the Colbert Steam Plant in Colbert County, Alabama, at an annual salary of $4,160.

2. On October 5, 1959, plaintiff requested in writing that Minor Graves, Superintendent of TVA's Colbert Steam Plant, grant him an indefinite period of leave without pay. Mr. Graves disapproved this request in writing on that same day. Thereafter, at approximately 2 p. m. on October 5, 1959, plaintiff left the Colbert Steam Plant without permission and remained absent from his job without permission up to and including October 16, 1959.

3. On October 16, 1959, Mr. Graves issued a notice proposing to terminate plaintiff. This notice was based upon three grounds—plaintiff's unauthorized absence from work, plaintiff's tardiness in reporting to work, and plaintiff's failure to complete assignments within a reasonable time. The notice gave plaintiff five days in which to notify TVA that he planned to answer the charges. Plaintiff did not so notify TVA and did not make any answer to the charges. On October 29, 1959, Mr. Graves forwarded plaintiff a decision that plaintiff would be terminated effective November 20, 1959.

4. Plaintiff made a timely appeal from this termination action to the Civil Service Commission under the provisions of the Veterans' Preference Act. A hearing was held, after which, on August 22, 1960, the Fifth United States Civil Service Region rendered a decision which affirmed TVA's termination of the plaintiff upon the basis of the unauthorized absence and the tardiness charges. Plaintiff appealed to the Commission's Board of Appeals and Review in Washington, D. C., and the Board affirmed TVA's termination of the plaintiff in a decision dated December 7, 1960.

5. On October 24, 1959, plaintiff wrote a letter to the President's Committee on Government Employment Policy in which he requested that the President's Committee accept a direct appeal from him and conduct an investigation concerning the termination action. The President's Committee replied in a letter dated November 10, 1959, stating that it could not accept such a direct appeal and that plaintiff would have to make the appeal, and supply the necessary information concerning his appeal, to J. H. Daves, TVA's Employment Policy Officer. Plaintiff never communicated with Mr. Daves concerning an appeal from the termination action.

6. On December 20, 1960, and February 1, 1961, plaintiff wrote letters to the President's Committee again requesting

it to accept his appeal from the termination action without referring the matter to TVA. The President's Committee replied to these requests by letters dated January 4, 1961, and February 24, 1961, repeating that such a direct appeal could not be accepted by the President's Committee and that, in any event, the time for filing an appeal had expired ten days after November 20, 1959, the effective date of the termination.

7. Plaintiff continued to correspond with the Civil Service Commission and with the President's Committee during 1961, requesting them to reconsider their decisions. The last item of this correspondence was a letter to plaintiff from the Civil Service Commission on September 13, 1961, which stated that "The decision of the Board dated December 7, 1960, remains as the final decision of the Commission and your administrative remedies within the Commission were thereby exhausted."

8. On June 25, 1959, plaintiff filed an appeal under TVA's grievance procedure from a service evaluation report dated June 18, 1959, which stated that the quantity of his work was not adequate. A hearing was held and on September 11, 1959, Mr. C. L. Karr, Director of TVA's Division of Power Operations, rendered a decision that the service evaluation report was correct. Plaintiff did not appeal from Mr. Karr's decision to the TVA Director of Personnel, which was the next step in the TVA grievance procedure.

9. Plaintiff engaged in an exchange of letters with Mr. J. H. Daves, TVA's Employment Policy Officer, in September of 1959 in which plaintiff stated that he wished to appeal from Mr. Karr's decision under the procedures established by the President's Committee on Government Employment Policy under Executive Order 10590. Mr. Daves replied by letters dated September 25 and 28, 1959, in which he advised plaintiff of the correct procedure to follow in making such an appeal and requested that plaintiff supply certain specific information which was required for an appeal under Executive Order 10590. Plaintiff did not supply the requested information and did not communicate further with Mr. Daves concerning this matter.

10. Plaintiff attempted to take an appeal from Mr. Karr's decision directly to the President's Committee on Government Employment Policy but the President's Committee informed plaintiff in a letter dated November 10, 1959, and in subsequent correspondence, that it could not accept such a direct appeal and that any appeal would have to be made to, and investigated by Mr. Daves.

11. The present action was filed on December 3, 1962.

## CONCLUSIONS OF LAW

1. Plaintiff is a veteran who is a preference eligible under the provisions of the Veterans' Preference Act of 1944 (5 U.S.C. §§ 851–869 (1958)) and his termination by TVA was subject to the provisions of section 14 of that act (5 U.S.C. § 863 (1958)).

2. The merits of a decision by the Civil Service Commission under the Veterans' Preference Act holding that the termination of a federal employee was for such cause as will promote the efficiency of the service is not subject to judicial review and the only review which the courts will make of such decisions by the Civil Service Commission is to determine whether the requirements of procedural due process have been met. Carter v. Forrestal, 85 U.S.App.D.C. 53, 175 F.2d 364, 365, cert. denied, 338 U.S. 832, 70 S.Ct. 47, 94 L.Ed. 507 (1949); Hargett v. Summerfield, 100 U.S.App. D.C. 85, 243 F.2d 29, cert. denied, 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957); Green v. Baughman, 100 U.S. App.D.C. 187, 243 F.2d 610, 613, cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35 (1957); Saggau v. Young, 100 U.S. App.D.C. 3, 240 F.2d 865 (1956); Boylan v. Quarles, 98 U.S.App.D.C. 337, 235 F.2d 834 (1956); Ellis v. Mueller, 108 U.S.App.D.C. 174, 280 F.2d 722, cert. denied, 364 U.S. 883, 81 S.Ct. 172, 5 L.Ed. 2d 104 (1960).

3. All the requirements of procedural due process were met in the present case. The requirement of section 14 of the Veterans' Preference Act that a notice of at least 30 days be given to a preference eligible employee refers to the period between the notice of proposed adverse action and the effective date of the termination. Palmer v. United States, 121 Ct.Cl. 415, cert. denied, 344 U.S. 842, 73 S.Ct. 56, 97 L.Ed. 655 (1952); section 22.205 of Civil Service Regulations (20 Fed.Reg. 2701 (1955)). The period between TVA's notice of proposed termination of October 16, 1959, and the plaintiff's termination on November 20, 1959, meets the requirements of section 14 that a notice of at least 30 days be given. All other requirements of the Veterans' Preference Act and the regulations of the Civil Service Commission under that act were complied with.

4. The decision of the Civil Service Commission affirming TVA's termination of the plaintiff was not arbitrary nor capricious, but was based upon substantial grounds. The actions of the plaintiff in leaving his job without permission on October 5, 1959, and continuing this unauthorized absence through October 16, 1959, was a sufficient reason, standing alone, for discharging him.

5. Plaintiff failed to establish any facts which would justify the overruling of the decision of the Civil Service Commission which affirmed the termination of plaintiff by TVA.

6. Plaintiff's administrative remedies in the termination action were exhausted on December 7, 1960, when the Civil Service Commission rendered its decision, and plaintiff's subsequent correspondence with the Commission and with the President's Committee on Government Employment Policy did not postpone or extend the date upon which his administrative remedies were exhausted. Elchibegoff v. Dulles, 123 F.Supp. 831, 832 (D.D.C.1954), aff'd, 95 U.S.App.D.C. 362, 222 F.2d 53, cert. denied, 350 U.S. 874, 76 S.Ct. 118, 100 L.Ed. 772 (1955);

Jones v. Summerfield, 105 U.S.App.D.C. 140, 265 F.2d 124, 125, cert. denied, 361 U.S. 841, 80 S.Ct. 93, 4 L.Ed.2d 80 (1959); Grasse v. Snyder, 89 U.S.App. D.C. 352, 192 F.2d 35, 37 (1951).

7. Plaintiff's delay of 24 months between December 7, 1960, when his administrative remedies in the termination action were exhausted, and the filing of this action on December 3, 1962, constituted laches which bars this action. United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (1919); Norris v. United States, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136 (1921); Grasse v. Snyder, 89 U.S.App.D.C. 352, 192 F.2d 35 (1951); Caswell v. Morgenthau, 69 App.D.C. 15, 98 F.2d 296, cert. denied, 305 U.S. 596, 59 S.Ct. 81, 83 L.Ed. 378 (1938); Haas v. Overholser, 96 U.S. App.D.C. 22, 223 F.2d 314 (1955); Davis v. Tennessee Valley Authority, 214 F. Supp. 229 (N.D.Ala.1962), aff'd 313 F.2d 959 (5th Cir. 1963).

8. Plaintiff never filed a proper appeal under Executive Order 10590 from the termination action with either TVA or the President's Committee on Government Employment Policy (Regulations and Procedures of the President's Committee on Government Employment Policy, paras. VIII and XI (1955)).

9. Since plaintiff's termination is hereby upheld, his complaints concerning TVA's service evaluation report dated June 18, 1959, or any other complaints relating to TVA's prior personnel actions affecting him, are moot. Shotkin v. Pomeroy, 159 F.2d 78 (5th Cir.), cert. denied, 331 U.S. 841, 67 S.Ct. 1522, 91 L.Ed. 1852 (1947); Riche v. Ascension Parish School Bd., 200 So. 681 (La.App. 1941); Clementine v. Board of Civil Service Com'rs, 47 Cal.App.2d 112, 117 P.2d 369 (1941).

10. Plaintiff never filed a proper appeal under Executive Order 10590 from the decision of Mr. Karr, concerning the service evaluation report, with either TVA or the President's Committee on Government Employment Policy (Regulations and Procedures of the President's

Committee on Government Employment Policy, paras. VIII and XI (1955)).

11. Plaintiff failed to exhaust his administrative remedies with respect to the service evaluation report by failing to appeal from the decision of Mr. Karr to TVA's Director of Personnel under the TVA grievance procedure and by failing to file a proper appeal from such decision under Executive Order 10590.

12. Where a complaining federal employee has failed to exhaust his administrative remedies the courts will not review his complaints. Haas v. Overholser, 96 U.S.App.D.C. 22, 223 F.2d 314 (1955); Monday v. United States, 146 Ct.Cl. 6 (1959), cert. denied, 361 U.S. 965, 80 S.Ct. 594, 4 L.Ed.2d 545 (1960).

Action dismissed.