Whitakek, Judge,
delivered the opinion of the court:
Some forty-four ship pilots and tugmasters in the employ of the Navy Department sue the United States because they say they have not. been “fully compensated in accord- *134 anee with law.” In what respect they have not been fully compensated, is not alleged.
Defendant does not move to dismiss for lack of particularity, as it might well have done, and, indeed, as we think it should have done, because, from a reading of the pleadings, we cannot ascertain the issue raised by plaintiffs. How defendant can defend such a claim, we do not know.
But defendant does say in defense that the authority to fix wages was vested in the Secretary of the Navy and not in this court.
This seems to be correct, and we look to plaintiffs’ brief to find out why it is not correct. They say that ship pilots and tugmasters were determined by the Civil Service Commission to come within the class of employees defined in section 202 (8) of the Classification Act of 1949 (63 Stat. 954; 5 U. S. C. 1082 (8)), and that the Secretary of the Navy did not follow the provisions of the Act in fixing their salaries. That is all the petitions say. How he did not comply is not alleged.
The Act on which plaintiffs say they rely, which is the Classification Act of 1949, supra, says, “This chapter * * * shall not apply to * * * (8) officers and members of crews of vessels, whose compensation shall be fixed and adjusted from time to time as nearly as is consistent with the public interest in accordance with prevailing rates and practices in the maritime industry; * * *” This certainly is no basis for plaintiffs’ suit.
The Act of July 16, 1862 (12 Stat. 587), and the restatement thereof in the Act of August 10,1956 (70A Stat. 641), requires the Secretary of the Navy to fix wages, not otherwise fixed by statute, “to conform, as nearly as is consistent with the public interest, with those of private establishments in the immediate vicinity.” It may be plaintiffs intended to rely on a violation of this statute. But, in what respect the Secretary of the Navy failed to comply with this Act is not alleged in the petitions, nor even indicated in plaintiffs’ brief.
Authority to fix wages was vested in the Secretary of the Navy, and not in this court. No reason has been alleged to justify us in considering intervention in a matter committed to an agent of the Government who, so far as appears, *135 has,faithfully discharged the duties with which he was entrusted.
Defendant’s motion to dismiss on the ground that “the petitions fail to state a claim upon which relief can be granted” must be allowed. Plaintiffs’ petitions will be dismissed.
It is so ordered.
Reed, Justice {Bet.), sitting ¡by designation; MaddeN, Judge; LitoletoN, Judge; and JoNes, Chief Judge, concur.