Whitaker, Judge,
delivered the opinion of tbe court:
The plaintiff, a veterans’ preference eligible, seeks retroactive pay on the ground that the action by the Department of the Navy in removing him as an employee was illegal, arbitrary and capricious.
The facts are as follows: On January 26, 1959 the plaintiff, a civil service employee of the United States Naval Air Station, Quonset Point, Bhode Island, notified the Station that he had a cold, was ill, and would be out a few days. A month later, on February 27, 1959, having heard nothing more from the plaintiff, the Station wrote him a letter requesting that he forward a Medical Certificate indicating diagnosis of his illness, prognosis, and an estimated date of return to work. A telephone call was made to the Station by some one on behalf of plaintiff and, upon being instructed to reply to the letter of February 27, 1959, he did so on March 5,1959, stating that he expected to return to work the following week. He did not send in a Medical Certificate. He did not return the following week, but did on April 2, 1959, at which time he brought a Medical Certificate showing that he had been ill during his absence. The Station does not dispute that he was incapacitated for duty during the period of his absence.
After plaintiff did not return to work and did not further communicate with the Station, it issued plaintiff on March 24,1959 an advance notice of proposed removal for unauthorized absence, stating that he had not sent in the Medical Certificate when requested, had not returned to work, and had not further apprised the Station as to the reasons for his continued absence.
On April 23, 1959, the Station notified plaintiff of its decision to remove him for excessive unauthorized absence, effective April 29, 1959. Plaintiff was afforded a hearing at departmental level on April 8, 1959, which resulted in his subsequent removal.
Plaintiff appealed to the Civil Service Commission. A hearing was held on May 26, 1959, before the First United States Civil Service Region, which sustained the agency action. Plaintiff was represented by counsel at both hearings. After the action had been fully reviewed by the Board *374 of Appeals and Review of the Civil Service Commission, the appeal was denied on January 18,1960.
The plaintiff contends that his separation from his position at the Station was arbitrary, capricious, unreasonable, illegal and in violation of law, but he does not assert in his petition, nor in his brief, that the action of the Civil Service Commission was arbitrary, illegal, and capricious. He first says, in support of his allegation of arbitrary action by the Department, that the Commanding Officer of the Station, in his letter of adverse decision, discharged the plaintiff on grounds other than those stated in the letter of advance notice of proposed removal.
Under the Veterans’ Preference Act of 1944, as amended (5 U.S.C. 851), plaintiff is entitled to advance notice of a pending discharge, containing a complete and detailed statement concerning all grounds for such action. We find that none of plaintiff’s rights under this Act have been abridged. The record reveals that in the final notice of removal, the Commanding Officer explicitly stated:
2. * * * Specifically and in detail this final adverse decision is based upon the finding that the charge and factual supporting basis therefore as itemized in reference (a) (the letter of advance notice) are verified in each instance. * * *
In paragraph 3 of this letter the Commander discusses the April 8th hearing on the merits. He reiterates plaintiff’s defense, i.e., that the reason he did not furnish the Station with a Medical Certificate was because he did not understand the request, and says that it is difficult to credit this claim of misunderstanding, as the evidence presented by the defendant shows that plaintiff had extensive experience with sick leave, and was on prior official notice that he would have to furnish a doctor’s certificate for all further applications for sick leave, as set out in a letter to plaintiff from the Station, dated November 5, 1957. Although there is material in this letter which was not presented in the proposed notice for removal, we believe it was referred to in the decision merely as evidentiary material to support the charges, and was referred to by the Commander for the purpose of explaining the decision to the plaintiff. There is nothing *375 in the record to indicate that this was another ground relied on for plaintiff’s removal.
In further support of his contention that his separation was arbitrary and capricious, plaintiff says there was a violation of the Naval Civilian Personnel 'Instruction 105 regarding unauthorized absence. The last sentence is the portion of the regulation alleged to have been violated; it states: “If unauthorized absence continues for a period of five basic work days, and it appears that the employee has no intention of returning to duty, he should be removed * * The facts are undisputed that plaintiff was absent without authorization from January 27, 1959, until April 2, 1959. The only informatiQn furnished the Station by plaintiff concerning this absence was that given on January 27, when he informed them that he was ill with a cold. In response to the letter sent plaintiff on February 27, advising him to forward a detailed Medical Certificate, including an estimated date of return to work, he merely wrote the Station that he should be back to work in a few days. He did not return when he said he would and he did not send in a Medical Certificate, although he did bring one in when he finally returned to work on April 2,1959. When the Station Commander gave plaintiff his notice of proposed removal on March 24, 1959, he had not come to an unreasonable or arbitrary conclusion that plaintiff did not intend to return to work.
Although plaintiff had returned when the decision was made to discharge him, his failure to furnish the Medical Certificate when it was demanded, and his Avanton failure to communicate with his superiors and give them any reason for his continued unexplained absence, was ample reason to sustain the decision to remove him.
Finally, plaintiff insists that his dismissal was too harsh or too severe a punishment for the offense committed, and was thus an arbitrary and capricious action. The “Standard Schedule of Disciplinary Offenses and Penalties for Civilian Employees in the Naval Establishment” provides for the penalty of removal when the excessive unauthorized absence exceeds five work days, or when it appears that the employee has abandoned his position. It also provides that *376 “Extenuating circumstances offered by the employee should be considered.” The undisputed fact that plaintiff was ill during his extensive absence was before the Boards in each hearing and appears to have been given full consideration as an “extenuating circumstance.” Plaintiff’s explanation for his failure to submit a Medical Certificate, that it “was due to a lack of understanding of the request”, is rebutted by the plaintiff’s own record for absenteeism and also by the letter of November 5, 1957, giving plaintiff official notice of the future requirement of a doctor’s certificate for all applications for sick leave.
We find no evidence in the record to substantiate plaintiff’s allegations of arbitrary, capricious, unreasonable, and illegal action by the Navy Department in removing him from his position. Furthermore, plaintiff does not allege that the action of the Civil Service Commission was arbitrary and capricious. If not, its decision is conclusive. It sustained the agency action.
Plaintiff’s motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. The petition will be dismissed.
It is so ordered.
Dueteb, Judge; Laeamore, Judge; and JoNes, Chief Judge, concur.