Civilian fay; dismissal; absent without leave; administrative discretion; penalty. — On June 25,1976 the court entered the following order:
Before CoweN, Chief Judge, Dxtbeee, Senior Judge, and SkeltoN, Judge.
“Plaintiff, Elinor Polansky, is a social worker who was employed in that capacity as a GS-11 by the Manhattan Veterans’ Administration (VA) Hospital in New York City until January 8,1971. On that date, plaintiff was removed by adverse action for repeated instances of absence without leave. She now brings suit for reinstatement and back pay to the date of her dismissal, and the case is before the court on cross motions for summary judgment.
“The facts surrounding plaintiff’s dismissal from her job are as follows:
“In August of 1970, plaintiff met with Mr. Eobert Addison, her supervisor, concerning her request to attend graduate school at Columbia University. Plaintiff desired to obtain a doctorate in social work, and wanted to go to school full-time, with the VA paying her tuition. This would permit her to work only part-time. Mr. Addison refused her request to work on a part-time basis, because the hospital had a policy against employing part-time social workers. Notwithstanding this refusal, plaintiff informed Mr. Addison by memorandum dated September 21, 1970, that she would begin classes at Columbia that day, that she would work only 20 hours per Aveek, and that she desired an ‘employee hearing to more fully *738 discuss the issues involved.’ Mr.: Addison responded, with a memorandum of the same date, acknowledging plaintiff’s right to a grievance hearing, but denying her request for a change of hours, and he specifically directed the plaintiff: ‘You are not to deviate from the regular tour of duty (8 AM to 4:30 PM) without specific authorization to do so.’
“Plaintiff proceeded to be absent from her job without authorization and in violation of Mr. Addison’s order. She submitted applications for leave to Mr. Addison and each was disapproved. On October 5, 1970, plaintiff was notified in writing of her proposed removal. The charges upon which the removal was based were the specific instances of plaintiff’s absence without leave. (The charges were, in sum, that plaintiff had been absent without permission for 51 hours from September 21,1970,10 October 5,1970.)
“On November 24,1970, a hearing was held before a hearing officer on both plaintiff’s grievance and her proposed dismissal. On December 22,1970, the hearing officer rendered his decision. His findings of 'fact were as follows:
I. Management was justified in denying Miss Polan-sky’s request for adjustments in her attendance in order to allow her to continue her education:
a. The policy of the Social Work Service at the YA Hospital precludes employment of part time Social Workers.
b. In the interest of service to patients and their families Miss Polansky’s supervisors could not guarantee regularly scheduled annual leave or compensatory time oft.
c. Again, in the interest of the needs of patients and their' faanilies Miss Polansky’s supervisors could not grant her permission to take time from her regular work schedule to pursue educational courses, allowing her. to work nights or weekends to complete her work week. This would be impractical in terms of supervision, interdisciplinary communications and administrative support. y
II. That Miss Polansky has been absent without leave from her duties at the YA Hospital, New York, N.Y., is uncontroverted. * * * '■
" “By letter of December 23, 1970, plaintiff was notified of the final decision that she be removed. Her removal was effective January 8,1971.
*739 ■ “Plaintiff tben appealed to the Administrator of the.VA who found that her removal was warranted. She then appealed to the Director, New York Region, U.S. Civil Service Commission. In a decision dated June 21* 1971, following an extensive analysis of the facts and law, he too denied plaintiff’s appeal. Subsequent appeal to the Board of Appeals and Beview was similarly unsuccessful.
“Suit, was initially brought in the U.S. District Court of the Southern District of New York, but was transferred to this court in accordance with 28 U.S.C, § 1406 (c) on September 24, 1975.
“Throughout her administrative appeals, plaintiff has never contended that her removal was procedurally defective, nor has plaintiff denied that she unilaterally set her own work schedule in defiance of explicit orders from her supervisor. A federal employee whose request for leave has been refused may be dismissed from his job if he takes such leave on his own initiative. Birnholz v. United States, 199 Ct. Cl. 532 (1972); Chiaverini v. United States, 157 Ct. Cl. 371 (1962); Rubin v. United States, 150 Ct. Cl. 28 (1960); Chiriaco v. United States, 235 F. Supp. 850 (N.D. Ala. 1963), aff’d, 339 F. 2d 588 (5th Cir. 1964). It therefore follows that plaintiff was justifiably dismissed for being absent without authorization, unless the plaintiff can show that (.1) the refusal of the hospital to permit plaintiff to assume part-time status was in violation of 5 U.S.C. §§ 4101, 4Í03 and Executive Order No. 11348; (2) that said refusal was the result of bad faith on the part of plaintiff’s superiors; or (3) that the action taken — removal—'was unduly severe.- Each of these issues will be treated in turn.
“Plaintiff contends that the hospital was legally obligated to grant her request' that she be placed on part-time status so as to pursue her doctoral degree. Her reliance upon 5 U.S.C, §§ 4101, 4103 and Executive Order No. 11348 to support that contention is, however, misplaced. Those provisions 'require an agency to establish programs for the training of employees. They do not require that" every employee be allowed to follow precisely the program that he- or she unilaterally decides is best for the agency and himself. To allow every employee to follow such a unilateral program- would *740 indeed create chaos in the civil service. The provisions referred to do not remove the discretion of the agency to fashion the programs which it feels are most beneficial and which will be compatible with the day-to-day functions of that agency.
“The hospital with which plaintiff was associated did in fact maintain an extensive program of employee training. Approximately twenty employees were granted educational leave for various periods of time during the period November 1969, to November 1970. Plaintiff herself was permitted to take a two-hour course at Columbia University in the Fall of 1969.
“In sum, plaintiff incorrectly assumes that the statutory provisions upon which she relies give her the right to determine when she will work and when she will not. Were employees free to make this determination, administration of the hospital would be impossible. Obviously, individual decisions with respect to educational leave must be left to the proper officials. The statutory provisions do not state otherwise.
“The hospital’s refusal to permit plaintiff to assume part-time status while attending classes was made in good faith. Good faith of those taking administrative action is presumed. Wathen v. United States, 208 Ct. Cl. 342, 351, 527 F. 2d 1191, 1197 (1975); Drucker v. United States, 204 Ct. Cl. 514, 518, 498 F. 2d 1350 (1974); Knotts v. United States, 128 Ct. Cl. 489, 492, 121 F. Supp. 630, 631 (1954). Plaintiff failed at the administrative level to make a showing that the refusal to her request for leave was based on bad faith; the record is affirmatively to the contrary.
“Plaintiff’s request was denied because of a hospital policy against employing part-time workers. The wisdom of the policy is, ironically, demonstrated by the adverse effects which plaintiff’s own absences had upon the hospital’s functions. Furthermore, plaintiff was not being discriminated against in comparison to other social workers. Her request was unique.
“Plaintiff’s request was thus denied because her superiors felt that it was in the best interest of the hospital that she not *741 be permitted to work part-time. The presumption of good faith is fully sustained by the record.
“Eemoval of plaintiff for her unexcused absences was not an unduly harsh remedy. Obviously plaintiff intended to pursue her doctorate no matter what her employer said. The absences were the basis of plaintiff’s dismissal, and they, by themselves, were sufficient to justify her removal. As the court said in Chiriaco :
The decision of the Civil Service Commission affirming TVA’s termination of the plaintiff was not arbitrary nor capricious, but was based upon substantial grounds. The actions of the plaintiff in leaving his job without permission on October 5, 1959, and continuing this unauthorized absence through October 16, 1959, was a sufficient reason, standing alone, for discharging him. [Emphasis supplied.] [235 F. Supp. at 853.]
“Plaintiff’s affidavit, wherein she alleges that she was dismissed because of her outspokenness and desire to improve conditions at the hospital, cannot be considered by this court, as the affidavit was not part of the record during plaintiff’s administrative appeals.
“it is therefore ordered that the defendant’s motion for summary judgment is granted, plaintiff’s cross-motion is denied, and the petition is dismissed.”