Leverett W. BROWN, Plaintiff-Appellant,

v.

UNITED STATES of America; Eugene Zuckert, Secretary of Air Force; et al., Defendants-Appellees.

No. 27267

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 29, 1969.

Rehearing Denied Jan. 2, 1970.

---

Leverett Brown, pro se., Division Computer Center, K. D. International Paper Co.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., William D. Ruckelshaus, Asst. Atty. Gen., Charles S. White-Spun-ner, Jr., U. S. Atty., Morton Hollander, Stephen R. Felson, Attys., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part. I.

■ Appellant was discharged from his civilian position with the Air Force for cause. No useful purpose would be served by setting out the facts having to do with the cause. At any rate, he was notified on November 9, 1961 of the proposed discharge. He resisted the discharge through Air Force administrative channels. The discharge was upheld at all levels including the Air Force Grievance Review Committee, the decision of which Committee was rendered on September 14, 1962. The Secretary of the Air Force concurred on October 9, 1962. This completed the administrative proceedings available to appellant and it was at this point that he could have sought relief in the courts.

Instead and although not available as a matter of right, an appeal through the Civil Service Commission was then instituted and the appeal was denied on January 30, 1963. Again no judicial relief was sought. Rather, appellant spent the time between January 1963 and May 1965 in seeking help from political sources, and this included an effort to have the Civil Service Commission reopen the case under the discretionary power of the Commission to open and reconsider any

previous decision where such action appears warranted by the circumstances. The suit which forms the subject matter of this appeal was filed on May 21, 1965.

The district court dismissed the suit on the ground of laches after a full hearing on the question of laches. We agree with this disposition under the peculiar application, based on public policy, of the doctrine of laches to government employment cases. The public policy which requires prompt assertion of employee rights is directed "to the end that the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service." United States ex rel. Arant v. Lane, 1919, 249 U.S. 367, 372, 39 S.Ct. 293, 63 L.Ed. 650. See also Nicholas v. United States, 1921, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133; Norris v. United States, 1921, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136; Chiriaco v. United States, 5 Cir., 1964, 339 F.2d 588; Davis v. Tennessee Valley Authority, M.D.Ala., 1962, 214 F.Supp. 229, aff'd, 5 Cir., 1963, 313 F.2d 959, cert. den., 375 U.S. 818, 84 S.Ct. 53, 11 L.Ed.2d 52.

Affirmed.