**Michael L. SHAKMAN and Paul M. Lurie, Plaintiffs,**

v.

**The DEMOCRATIC ORGANIZATION OF COOK COUNTY, et al., Defendants.**

**In re Petition of Joseph GALVIN.**

**No. 69 C 2145.**

United States District Court, N.D. Illinois, E.D.

Oct. 22, 1982.

Stuart W. Opdycke, Lane & Munday, Chicago, Ill., for plaintiffs.

Francis J. Higgins, John J. Verscaj, Bell, Boyd & Lloyd, Chicago, Ill., for defendants.

ORDER

BUA, District Judge.

Petitioner Joseph Galvin has petitioned this Court for a Rule to Show Cause why Respondents, the City of Chicago, a municipal corporation, Jane M. Byrne, Mayor of the City of Chicago, and John L. Donovan, Commissioner of the Department of Streets and Sanitation, should not be compelled to comply with the decree entered by the

Court in *Shakman v. Democratic Organization of Cook County,* No. 69 C 2145 (N.D.Ill. 1972). On August 24, 1982, Respondents Jane M. Byrne and John L. Donovan were ordered dismissed. At that time the Court dismissed without prejudice the City of Chicago and gave petitioner leave to file an amended petition setting forth reasons why his claim should not be barred by the doctrine of laches. An amended petition was filed by Galvin, which the City has moved to dismiss. For the reasons stated herein, the Court hereby dismisses with prejudice the petition of Joseph Galvin.

For approximately 11 years, Joseph Galvin was employed by the City of Chicago in the Department of Streets and Sanitation as a sign hanger. In 1979, Mr. Galvin was terminated, allegedly for "political reasons." It is the contention of Mr. Galvin that his termination was the result of his having campaigned for Richard M. Daley, an individual not endorsed by Mayor Byrne, in the race for the office of State's Attorney.

The instant proceedings were commenced more than 30 months after the termination of Mr. Galvin. Respondent asserts that the petition should be barred by the doctrine of laches. For the first 15 months after being terminated, petitioner sought to regain employment with the City "through routine channels." Petitioner offers no explanation as to whether he made any efforts to regain employment during the next 15 months which lead up to the filing of this suit.

■ The explanation tendered by petitioner to explain his failure to obtain judicial relief is insufficient as a matter of law. A decision on the issue of laches rests within the sound discretion of the trial judge. *Baker Manufacturing Co. v. Whitewater Manufacturing Co.,* 430 F.2d 1008, 1009 (7th Cir.1970). This discretion is not "unfettered by appropriate standards." *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 804 (8th Cir.1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980). Thus, where the case involves government employment, the Court is bound by public policy which requires the prompt assertion of the employee's rights so that "the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service." *United States ex rel. Arant v. Lane,* 249 U.S. 367, 9 S.Ct. 293, 63 L.Ed. 650 (1919), *quoted in Brown v. United States,* 418 F.2d 442, 444 (5th Cir. 1969).

■ The Seventh Circuit has consistently held that the plaintiff bears the burden of explaining its delay in bringing suit. *Lingenfelter v. Keystone Consolidated Industries, Inc.,* 691 F.2d 339 at 341 (7th Cir. 1982) (per curiam); *Baker Manufacturing Co. v. Whitewater Manufacturing Co.,* 430 F.2d 1008, 1011–15 (7th Cir.1970) *cert. denied,* 401 U.S. 956, 91 S.Ct. 978, 28 L.Ed.2d 240 (1971); *Boris v. Hamilton Manufacturing Co.,* 253 F.2d 526, 529 (7th Cir.1958). In light of these holdings and the standards enunciated above regarding governmental employment, in the discretion of this Court the petition of Joseph Galvin is barred by the doctrine of laches, as petitioner has not borne his burden. The petitioner has asserted no excuse for the unreasonable delay in filing the petition which would outweigh the presumed prejudice suffered by the City of Chicago as a government employer. *See Baker,* 430 F.2d at 1009–11. The petition is therefore dismissed with prejudice.

IT IS SO ORDERED.