**UNITED REFINING COMPANY, Plaintiff,**

**v.**

**DEPARTMENT OF ENERGY and Charles W. Duncan, Jr., Secretary of Energy, Defendants.**

**Civ. A. No. 79–144 ERIE.**

United States District Court, W.D. Pennsylvania.

June 22, 1983.

---

J. Tomlinson Fort, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., Daniel Joseph and Joseph T. Casey, Jr., Akin, Gump, Hauer & Field, Washington, D.C., for plaintiff.

June Wagoner Edwards, Federal Programs Branch, U.S. Dept. of Justice, Washington, D.C., for defendants.

William Bode, Washington, D.C., John McLaughlin, Erie, Pa., amicus curiae, Independent Terminal Operators Assn.

## MEMORANDUM

WEBER, District Judge.

This is a declaratory judgment action which is now before the court on cross-motions for partial summary judgment. The plaintiff, United Refining Company, in its complaint and in its motion challenges the substantive and procedural validity of certain Department of Energy regulations, alternatively referred to as "banking regulations" or "fictitious recovery rules." In its motion the plaintiff contends that these regulations were not promulgated in a manner which comports with the requirements of either the Administrative Procedure Act, 5 U.S.C. § 551 et seq. or the Emergency Petroleum Allocation Act, 15 U.S.C. § 751 et seq.

The defendant in its answer to plaintiff's complaint and its own motion for partial summary judgment presents two allegations. First, the defendant contends that these regulations were validly promulgated. In addition, the defendant argues that the equitable doctrine of laches now bars plaintiff's assertion of this claim.

The defendant's defense of laches is of particular concern at this stage. On December 26, 1980, this court entered an opinion and order indicating that because the plaintiff's complaint was essentially "defensive" in nature the defendant was likely precluded from asserting a laches defense.

Since that time the Department of Energy has filed the materials supporting their cross-motions for partial summary judgment. In these materials the Department argues that laches is a defense which should be available to it in this case. The issue has been fully briefed by both parties. The Department points out that the regulations at issue were promulgated in September of 1974. The Department's administrative review of United Refining Company began some three years later in 1977. This lawsuit was filed two years after that in 1979. The Department argues that this constitutes a five year delay resulting in prejudice to the defendant. We do not at this time reach the merits of the government's laches defense. We must, however, consider the question of whether the government is entitled as a matter of law to interpose a defense of laches.

In *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), various drug manufacturers challenged labelling regulations claiming that the Food and Drug Administration and the Secretary of Health, Education and Welfare had exceeded their authority. The plaintiff sought declaratory judgment and injunctive relief. Discussing cases of this nature the Court stated:

Further, the declaratory judgment and injunctive remedies are equitable in nature, and other equitable defenses may be interposed ... The defense of laches could be asserted if the government is prejudiced by a delay. *Id.* at 155, 87 S.Ct. at 1519.

Other courts have given application to this principal. In *Independent Bankers Assoc. of America v. Heimann,* 627 F.2d 486 (D.C.Cir.1980), the court held that laches was available to the government as a defense to an equitable action challenging an interpretative ruling of the Comptroller of Currency. Where the Comptroller first made the interpretation in 1966, and the suit was not filed until 1978, the court held that laches barred the remedy. Similarly, the government was permitted to interpose a laches defense in an action in equity challenging the validity of administrative regulations of daily commodity trading. *Economou v. Butz,* 370 F.Supp. 361 (S.D.N.Y. 1974). The court held that a two year delay in challenging on procedural grounds an administrative order setting daily trading limits was "inexcusable" and "does not commend itself to a court of equity." *Id.* at 363, citing *Abbott Laboratories,* 387 U.S. 136, 155, 87 S.Ct. 1507, 1519, 18 L.Ed.2d 681.

A recent decision employs a laches rationale in a situation similar in some respects to the one in the case at bar. The court in *Energy Cooperative Inc. v. D.O.E.,* 659 F.2d 146 (Em.App.1981), phrased the issue as "whether a party, by failing to timely contest its rights in an available administrative forum, has forfeited its right to judicial review." *Id.* at 149. Plaintiff there challenged the validity of a portion of the Department of Energy's Entitlements Program on the basis of procedural flaws in its promulgation. The Department of Energy raised the issue of laches and the district court sua sponte decided the question on the failure to exhaust administrative remedies. The Court of Appeals expressly affirmed on the latter basis, but its analysis involves an extensive laches rationale.

Plaintiff there did not object to a penalty on foreign crude oil while it was still able to operate at a profit. Only when operations became unprofitable did the plaintiff challenge the penalty on procedural grounds. The court then catalogued the plaintiff's opportunities to comment and/or challenge the regulations. The court also identified the prejudice resulting from the failure to take timely administrative appeal. The court concluded that the plaintiff was required to exhaust its administrative remedies in a timely manner, and because of its considerable delay it was deemed to have failed to exhaust its administrative remedies and was thus precluded from maintaining its equitable action to overturn the regulations.

■ It is clear from the cases discussed above that laches is a defense available to a defendant in an equitable action of the type now before us. In our previous opinion, however, we characterized this suit as defensive in nature, being in response to administrative proceedings charging plaintiff with violations of the regulation. If an equitable action is truly defensive in nature, laches is not available to counter it. *Northern Pacific Railway Co. v. United States,* 277 F.2d 615 (10th Cir.1960).

■ Just as in the cases discussed above, plaintiff has had a claim for relief ripe from the institution of the regulations. That claim when it became ripe was not defensive in nature, but affirmative. United chose not to pursue that claim in an equitable action but, it is alleged, has failed to comply with the regulations from their inception. Only now has plaintiff sought adjudication of its claim. Without regard to the institution of administrative enforcement proceedings, plaintiff has had an equitable claim for relief since 1974. The interposition of the administrative proceedings does not alter the affirmative nature of this claim.

Laches is therefore available to the defendant. The government has demonstrated that its defense is at least colorable. We are unable, however, on this record to determine the validity of the laches defense. Under our previous ruling we had precluded discovery on the issue of laches and we

must now reopen discovery for the limited purpose of the laches issue. We will therefore dismiss the cross-motions for summary judgment without prejudice to their renewal after the disposition of the laches defense.

An appropriate order will be entered.