**Welker CRABTREE, Plaintiff,**

**v.**

**CITY OF CHICAGO, an Illinois municipal corporation, Defendant.**

**No. 83 C 7571.**

United States District Court, N.D. Illinois, E.D.

June 4, 1984.

Robert L. Schroeder, Tate, Emory, Andrew & Associates, Chicago, Ill., for plaintiff.

Donald Hubert, James D. Montgomery, Corp. Counsel, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

The instant case was brought by the plaintiff seeking a Rule to Show Cause under the 1972 consent decree entered in *Shakman v. Democratic Organization of Cook County, reprinted in Shakman v. Democratic Organization of Cook County,* 481 F.Supp. 1315, 1356 app. (N.D.Ill. 1979). Before the Court is the plaintiff's Motion to Dismiss the First Amended Complaint based on laches or, alternatively, for failure to state a claim. For the reasons stated herein, the motion to dismiss is granted based on laches.

Crabtree was employed by the City in the Department of Water and Sewers from 1970 until January, 1981 at which time he became ill and took a disability leave. When he was released from his doctor's care in August, 1981, he attempted to return to work by obtaining a letter to that effect from Eugene Sawyer, Alderman of the 6th Ward. While plaintiff met with the Commissioner of the Department, he was never rehired.

In May, 1982, plaintiff applied for unemployment compensation. At that time, he alleges, he was informed for the first time that he had been terminated. Thereafter, plaintiff alleges that he contacted the Commissioner's office and was informed that his status would be looked into. When he received no response from that office, plaintiff contacted his present counsel who, on November 17, 1982, wrote to the City's Corporation Counsel. When this avenue proved to be fruitless, a lawsuit was filed in the Circuit Court of Cook County, Illinois. That suit, which had been filed on January 28, 1983, was dismissed on September 19, 1983. On October 25, 1983 a civil rights suit was filed in this District. The case was assigned to Judge Grady who on March 28, 1984 dismissed plaintiff's suit with leave to refile as a *Shakman* petition assigned directly to this Court.

The City argues that because a substantial period of time passed between plaintiff's termination and the filing of a lawsuit, the instant suit should be barred by laches.

As this Court has previously noted:
A decision on the issue of laches rests within the sound discretion of the trial court. *Baker Manufacturing Co. v. Whitewater Manufacturing Co.*, 430 F.2d 1008, 1009 (7th Cir.1970). This discretion, while broad, is not unfettered by appropriate standards. *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 804 (8th Cir.1979). However, where, as here, a case involves government employment, the court is bound by public policy which requires the prompt assertion of the employee's rights so that government service is disturbed as little as possible and two salaries are not paid for a single service. *Lingenfelter v. Keystone Consolidated Industries, Inc.*, 691 F.2d 339, 340 (7th Cir.1982); *Baker Manufacturing Co.*, 430 F.2d at 1011–5.
*Gurgone v. City of Chicago*, 587 F.Supp. 1347, ——— (N.D.Ill.1984). *See, also, Shakman v. Democratic Organization of Cook County* (Petition of Joseph Galvin), 549 F.Supp. 801 (N.D.Ill.1982).

In the case at bar, plaintiff Crabtree has been without his job since he was released from his physician's care but not reinstated to his former position. This occurred on August 9, 1981. Crabtree contends that he did not learn he had been terminated until May, 1982 when he applied for unemployment insurance. Thereafter, Crabtree contacted the Commissioner's office and, when he received no response, contacted his attorney. The latter contact occurred on November 17, 1982, more than six months after he contends he learned of his termination and more than fifteen months after he was released from his doctor's care. Suit was not filed until two and one-half months thereafter.

Crabtree's contention that he did not learn of his termination until nine months after he was released from his doctor's care and attempted to return to work is somewhat suspect, especially in light of the circumstances extant. It was not until Crabtree applied for unemployment compensation that he admits to having learned of his termination. Yet, the very act of applying for unemployment compensation tends to indicate that Crabtree was fully aware that his status was that of a terminated employee. This is especially true when it is considered that the Commissioner of the Department failed to contact plaintiff during the nine-month period following a meeting between the plaintiff and the Commissioner.

In the view of this Court, plaintiff's delay in contacting counsel and bringing suit was unreasonable and is not sufficiently explained by the plaintiff's course of conduct. Plaintiff urges this Court that he fully believed that, despite the passage of

nine months from the time he attempted to return to work and the time he applied for unemployment compensation, there was no action he could take to resecure his position and that the Commissioner would call him back to work at any time. Furthermore, once plaintiff admits that he learned of his termination, he again contacted the Commissioner, who apparently had done nothing to further Crabtree's cause in the past, and left his fate in the Commissioner's hands.

In the case at bar, the basic facts are that during a period of seventeen and one-half months, plaintiff made two meager attempts to regain his position. These attempts were made through channels which, it soon became obvious, were ineffective. Moreover, as evidenced by the fact that plaintiff attempted to use a letter from his alderman to regain his job, plaintiff attempted to retain his job, albeit unsuccessfully, by using political influence. In light of these circumstances, the Court is bound to hold plaintiff's *Shakman* claim to be barred by laches. Therefore, the instant matter is dismissed without prejudice to the refiling of the cause under 42 U.S.C. § 1983. As to such suits this Court does not have automatic jurisdiction as it does in *Shakman* suits and expresses no opinion as to whether a § 1983 claim would be timely.

IT IS SO ORDERED.