Harold **SMITH**, Plaintiff,

v.

**CITY OF CHICAGO**, et al., **Defendants.**

No. 84 C 6754.

United States District Court,
N.D. Illinois, E.D.

Sept. 5, 1984.

Stephen J. Senderowitz, Troelstrup, Dolkart, Patterson & Senderowitz, Chicago, Ill., for plaintiff.

Donald Hubert, Donald Hubert & Associates, Chicago, Ill., James D. Montgomery, Corp. Counsel, City of Chicago, Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

Before the Court is the defendants' Motion to Dismiss plaintiff's *Shakman* petition based on the doctrine of laches. For the reasons stated herein, defendants' motion is granted.

---

On or about November 25, 1982, plaintiff Harold Smith was demoted from his position as a bricklayer in the City of Chicago's Department of Sewers to the position of laborer. On June 29, 1984, Smith was terminated from his employment. While Smith does not directly challenge his ultimate termination, he does contend that his 1982 demotion was politically motivated and that had he not been demoted he would have accumulated sufficient seniority to preclude his ultimate termination.

Defendants argue that plaintiff's petition should be barred based on the doctrine of laches. In *Gurgone v. City of Chicago*, 587 F.Supp. 1347, 1352 (N.D.Ill.1984), this Court noted the law of laches as applied to cases such as that at bar:

> A decision on the issue of laches rests within the sound discretion of the trial court. *Baker Manufacturing Co. v. Whitewater Manufacturing Co.*, 430 F.2d 1008, 1009 (7th Cir.1970). This discretion, while broad, is not unfettered by appropriate standards. *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 804 (8th Cir.1979). [Thus] where, as here, a case involves government employment, the court is bound by public policy which requires the prompt assertion of the employee's rights so that government service is disturbed as little as possible and two salaries are not paid for a single service. *United States ex rel. Arant v. Lane*, 249 U.S. 367 [39 S.Ct. 293, 63 L.Ed. 650] (1919), *quoted in Brown v. United States*, 418 F.2d 442, 444 (5th Cir.1970). It is well settled in this Circuit that the plaintiff bears the burden of explaining its delay in bringing suit. *Lingenfelter v. Keystone Consolidated Industries, Inc.*, 691 F.2d 339, 340 (7th Cir.1980); *Baker Manufacturing Co.*, 430 F.2d at 1011–15. *See, also, Shakman v. Democratic Organization of Cook County*, (Petition of Joseph Galvin), 549 F.Supp. 801 (N.D.Ill.1982).

In the case at bar, twenty-one months passed before plaintiff chose to challenge his demotion. As an explanation for such delay, plaintiff states that he feared that the City would terminate him altogether in retribution if he chose to bring a *Shakman* suit while still employed.

This Court has no doubt as to the reality and veracity of plaintiff's fear of retribution. However, it is such retribution that actions under *Shakman* are aimed at eliminating. Moreover, other means of regaining one's position short of filing suit exist. Certainly plaintiff could have attempted to regain his position through such means, both formal and informal, and thus avoided the risk of retribution incident to the filing of suit.

In *Gurgone, supra,* this Court held that a plaintiff who otherwise properly stated a claim would not be barred by laches from bringing suit where, prior to filing suit, he had engaged in a course of conduct involving personal contacts and negotiations with various officials in an attempt to gain the relief ultimately sought by way of suit. In this case, no such activity is apparent. From the complaint it appears that plaintiff, simply made no attempt to regain his former position.[1] Thus, despite his fear of retribution, plaintiff's total inactivity requires the Court to hold that plaintiff has not overcome the harm presumably suffered by the City, a governmental employer, and therefore to order that plaintiff's petition be dismissed as barred by laches.

IT IS SO ORDERED.

---

**1.** It may be that plaintiff Smith felt he would be reinstated to his former bricklayer's position once his candidate for mayor was elected. Unfortunately for Smith, however, his candidate, Richard M. Daley, fell to defeat.