William **HERRON**, et al., Plaintiffs,

v.

**CITY OF CHICAGO**, et al., Defendants.

No. 83 C 4259.

United States District Court,
N.D. Illinois, E.D.

Sept. 6, 1984.

William P. O'Loughlin, Richard J. Prendergast, Edward T. Joyce, Chicago, Ill., for plaintiffs.

Donald Hubert, Chicago, Ill., for defendants.

ORDER

BUA, District Judge.

The instant case is before the Court on a petition for a Rule to Show Cause why the defendants should not be held in contempt of the 1972 consent decree entered in *Shakman v. Democratic Organization of Cook County*, No. 69 C 2145, *reprinted in Shakman v. Democratic Organization of Cook County*, 481 F.Supp. 1315, 1356 app. (N.D. Ill.1979). Before the Court is the defendants' Motion to Dismiss the plaintiffs' Second Amended Complaint. For the reasons stated herein, defendants' motion is granted in part and denied in part.

The instant case was originally filed on June 22, 1983. In the Second Amended Complaint, the six plaintiffs allege that they are all employed by the City of Chicago as Water Rate Takers in the City's Department of Water. They contend that prior to the time of the filing of the instant suit, the defendants gave preferential treatment in promotions to the position of Supervisor of Water Rate Takers to individuals who obtained recommendations and political sponsorship from high ranking officials of the local Democratic Party and from local ward organizations. Specifically, the plaintiffs contend that in order to be promoted, an individual was required to obtain the requisite recommendation which would be communicated to the Mayor's Office. The Mayor's Office would then request that the Department of Water appoint the recommended person as Supervisor.

Plaintiffs contend that nine individuals obtained their Supervisor's position in the above manner. As to six of these appointments, made prior to August, 1979, no public notice was given announcing the availability of the positions. As to the remaining three, a March, 1982 announcement gave notice of the availability of the positions. This notice stated that a test would be given for the position and would be open only to applicants who were residents of the City of Chicago who had a minimum of two years experience as Water Rate Takers or the equivalent training and experience.

The plaintiffs were found eligible for the positions and, on June 26, 1982, took the test. Having passed the examination, on July 15, 1982 the plaintiffs' names were placed on the eligibility list from which the Supervisor positions were to be filled. Also on the list were the names of two other individuals who had taken the test with plaintiffs, and the name of Wyman Porche who had not. In September, 1982, Wyman Porche was permanently appointed Supervisor of Water Rate Takers pursuant to the political sponsorship and preferences of Alderman Wilson Frost and State Representative Emille Jones.[1]

In December, 1982, an administrative assistant to defendant John Corey, Commissioner of the Department of Water, received a phone call from an administrative assistant to Jane Byrne who, at that time, was Mayor of the City of Chicago. The administrative assistant requested that Michael Miller and Emanuel Estaban be appointed supervisors despite the fact that neither was on the eligibility list.

On December 28, 1982, with the assistance and political sponsorship of Chicago Alderman Richard F. Mell, Emanuel Estaban was given a privately held Supervisor's examination. Similarly, on January 13,

---

**1.** Prior to being permanently promoted, Porche held the position of Supervisor on a temporary basis for a period of 13 months.

1983, Michael Miller was allowed to take a privately held examination after receiving the assistance and sponsorship of Michael Madigan, State Representative and 13th Ward Committeeman. On February 1, 1983, Estaban and Miller were appointed Supervisors.

The plaintiffs contend that because their names properly appeared on the eligibility list, they should have been made Supervisors instead of the individuals chosen. Therefore, plaintiffs request that the Court order the removal of the nine Supervisors from their positions and order the defendants to appoint the plaintiffs to the vacant Supervisor positions with full back pay and employment benefits dating from June, 1982, the time plaintiffs contend they should have been appointed to the Supervisor jobs.

The defendants have moved to dismiss claiming: 1) that the plaintiffs have failed to state a claim under the 1972 *Shakman* consent decree; 2) that laches should bar the claims concerning the promotions made prior to the advancements of Estaban and Miller; and 3) that the second amended complaint should be dismissed because it is unverified. The Court will address each contention *seriatim*.

## I. *Failure to State a Claim Under the 1972 Shakman Consent Decree*

The defendants contend that the instant case involves politically motivated hiring which is not covered by the 1972 *Shakman* decree and that the plaintiffs have thus failed to state a claim thereunder. The plaintiffs counter by arguing that the very language of the 1972 decree mandates application of that consent order to the instant case.

Under the 1972 decree, the defendants are prohibited from:

(1) Conditioning, basing or knowingly prejudicing or affecting any term or aspect of government employment, with respect to one who is at the time already a government employee, upon or because of any political reason or factor.

481 F.Supp. at 1358.

The parties expressly reserved the question of whether political sponsorship or other political considerations could be taken into account in the hiring of employees. This question was resolved in 1979 when the Court ruled that in hiring for most positions, political considerations should not be a factor. However, it left the specific means of insuring that such factors would not play a part in the hiring decision for resolution at a later time. This issue was settled on June 20, 1983 by the consent of the parties. *Shakman v. Democratic Organization of Cook County*, 569 F.Supp. 177 (N.D.Ill.1983).

 It is the opinion of this Court that the actions complained of herein are within the ambit of the 1972 decree. First, the Court notes that each plaintiff is an employee of the City. Moreover, at some point, each was qualified for the Supervisor position as measured by objective prerequisites. Finally, the positions sought by the plaintiffs were of the very sort which a Water Rate Taker might expect to gain once he had proven himself qualified at his position. The plaintiffs' predicaments were thus quite different from those of an individual who is not a City employee who seeks to be newly hired. Clearly, by failing to place the plaintiffs in the desired positions, defendants prejudiced or affected the plaintiffs' term of employment so as to expose themselves to liability under the 1972 decree.

## II. *Laches*

Defendants also contend that the claims as to certain of the positions should be barred by the doctrine of laches. Specifically, it is defendants' position that all promotions which took place prior to 1982 cannot be challenged.

 As this Court has previously noted:

A decision on the issue of laches rests within the sound discretion of the trial court. *Baker Manufacturing Co. v. Whitewater Manufacturing Co.*, 430 F.2d 1008, 1009 (7th Cir.1970). This discretion, while broad, is not unfettered by appropriate standards. *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800,

804 (8th Cir.1979). [Thus] where, as here, a case involves government employment, the court is bound by public policy which requires the prompt assertion of the employee's rights so that government service is disturbed as little as possible and two salaries are not paid for a single service. *United States ex rel. Arant v. Lane*, 249 U.S. 367 [39 S.Ct. 293, 63 L.Ed. 650] (1919), *quoted in Brown v. United States*, 418 F.2d 442, 444 (5th Cir.1970). It is well settled in this Circuit that the plaintiff bears the burden of explaining its delay in bringing suit. *Lingenfelter v. Keystone Consolidated Industries, Inc.*, 691 F.2d 339, 340 (7th Cir.1980); *Baker Manufacturing Co.*, 430 F.2d at 1011–15. *See, also, Shakman v. Democratic Organization of Cook County*, (Petition of Joseph Galvin), 549 F.Supp. 801 (N.D.Ill.1982).

*Gurgone v. City of Chicago*, 587 F.Supp. 1347 at 1352 (N.D.Ill.1984).

■ This Court agrees with defendants in their position that the promotions made prior to 1982 should be barred by laches. Despite their contentions that the political nature of these promotions was concealed from them prior to the institution of this lawsuit, plaintiffs fail to set out any specific information that was withheld from them which would have permitted them to file suit earlier had they had knowledge thereof. Instead, the plaintiffs baldly state, "... between 1972 and the summer of 1983, defendants failed to implement any changes in their patronage practices ..." Such a contention does not sufficiently explain away a delay in bringing suit which, in the case of the first promotion plaintiffs seek to have nullified, approaches nine years.[2]

The permanent promotion of Porche may, however, be challenged insofar as such promotion may have denied the plaintiffs their rights. Such promotion took place within ten months of the filing of the instant suit, thus constituting a timely assertion of rights by the plaintiffs which

does not prejudice the defendants and cannot be barred by laches.

### III. *Lack of Verification*

As previously noted, by the instant suit, plaintiffs seek to have defendants held in contempt of court. Under Local Rule 18, all petitions for a Rule to Show Cause must be accompanied by an affidavit setting out with particularity the misconduct complained of. U.S.Dist.Ct. N.D.Ill. Civil Rule 18.

In the instant case, plaintiffs style their complaint a "Second Amended Verified Complaint." Nevertheless, no affidavit verifying the facts contained in the complaint has been filed. The complaint thus fails to comply with Local Rule 18. Plaintiffs will, however, be given leave to amend to bring the complaint into compliance with Rule 18, and defendants' Motion to Dismiss on this basis shall be denied.

### *Conclusion*

For the reasons stated herein, defendants' motion to dismiss is denied insofar as it contends that the complaint fails to set out a claim under the 1972 decree. However, the motion to dismiss is granted as to all challenged promotions which occurred prior to 1982. Plaintiffs are hereby given 30 days from this order to properly verify their complaint so it may comply with Local Rule 18.

IT IS SO ORDERED.

---

**2.** Moreover, plaintiffs have failed to sufficiently allege that they were harmed by these promotions as it is not alleged that any plaintiff was qualified for the Supervisor's position during the 1975 to 1982 period.